UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| Plaintiff, | ) Civil Case No. 1:17-cv-01318-AJT-TCB |
| v. | ) |
| GEETESH DEVINENI, | ) |
| Defendant. | ) |

### AMENDED COMPLAINT-ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT

Plaintiff, Strike 3 Holdings, LLC, brings this amended complaint against Defendant, Geetesh Devineni ("Defendant"), and alleges as follows:

### Introduction

1. This is a case about the ongoing and wholesale copyright infringement of Plaintiff's motion pictures by Defendant, initially known only by an IP address.

2. Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of award winning, critically acclaimed adult motion pictures.

3. Strike 3's motion pictures are distributed through the *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen* adult websites and DVDs. With more than 20 million unique visitors to its websites each month, the brands are famous for redefining adult content, creating high-end, artistic, and performer-inspiring motion pictures produced with a Hollywood style budget and quality.

4. Defendant is, in a word, stealing these works on a grand scale. Using the BitTorrent protocol, Defendant is committing rampant and wholesale copyright infringement by

1

downloading Strike 3's motion pictures as well as distributing them to others.  Defendant did not infringe just one or two of Strike 3's motion pictures, but has been recorded infringing 38 movies over an extended period of time.

5. Although Defendant attempted to hide his infringing activities behind the anonymity of his IP address, pursuant to a subpoena, Defendant was identified by his Internet Service Provider ("ISP"), Verizon Online, LLC ("Verizon Fios").

6. This is a civil action seeking damages under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

8. This Court has personal jurisdiction over Defendant because Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District to commit copyright infringement.  Therefore (i) Defendant committed the tortious conduct alleged in this Amended Complaint in this State; and, (ii) Defendant resides in this State and/or; (iii) Defendant has engaged in substantial – and not isolated – business activity in this State.

9. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State.  Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**Parties**

10. Strike 3 is a Delaware limited liability company located at 2140 S. Dupont Hwy, Camden, DE.

11. Defendant, Geetesh Devineni, is an individual that resides at or has made substantial use of the IP address located at 6805 McLean Province Cir., Falls Church, VA 22043.

**Factual Background**

*Plaintiff's Award-Winning Copyrights*

12. Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world.  Strike 3 also licenses its motion pictures to popular broadcasters and Strike 3's motion pictures are the number one selling adult DVDs in the United States.

13. Strike 3's motion pictures and websites have won numerous awards, such as "best cinematography," "best new studio," and "adult site of the year."  One of Strike 3's owners, three-time director of the year Greg Lansky, has been dubbed the adult film industry's "answer to Steven Spielberg."

14. Strike 3's motion pictures have had positive global impact, leading more adult studios to invest in better content, higher pay for performers, and to treat each performer with respect and like an artist.

15. Unfortunately, Strike 3, like a large number of other makers of motion picture and television works, has a major problem with Internet piracy. Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world.

*Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights*

16. BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users to simultaneously download and upload pieces of the file from and to other users.

17. To use BitTorrent to download a movie, the user has to obtain a "torrent" file for that movie, from a torrent website. The torrent file contains instructions for identifying the Internet addresses of other BitTorrent users who have the movie, and for downloading the movie from those users. Once a user downloads all of the pieces of that movie from the other BitTorrent users, the movie is automatically reassembled into its original form, ready for playing.

18. BitTorrent's popularity stems from the ability of users to directly interact with each other to distribute a large file without creating a heavy load on any individual source computer and/or network. It enables Plaintiff's motion pictures, which are often filmed in state of the art 4kHD, to be transferred quickly and efficiently. Moreover, BitTorrent is designed so that the more files a user offers for download to others, the faster the user's own downloads become. In this way, each user benefits from illegally distributing other's content and violating copyright laws.

19. Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

20. The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.

21. The entirety of the digital media file also has a unique cryptographic hash value

("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete the downloading of all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

22. Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.

23. Plaintiff's investigator, IPP International U.G. ("IPP") established direct TCP/IP connections with the Defendant's IP address as outlined on Exhibit A while Defendant was using the BitTorrent file distribution network.

24. While Defendant was infringing, IPP downloaded from Defendant one or more pieces of the digital media files containing Strike 3's motion pictures listed on Exhibit A ("Works").

25. A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant.

26. Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works without authorization.

27. At no point was Plaintiff's copyrighted content uploaded by IPP to any BitTorrent user.

28. The digital media files have been verified to contain a digital copy of a motion picture that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted Works.

29. Defendant's infringement is continuous. Absent this lawsuit, Plaintiff knows of no way to effectively prevent Defendant from infringing Plaintiff's motion pictures. Indeed,

although Verizon notified Defendant's household of this lawsuit pursuant to the Court's order, infringement of Plaintiff's motion pictures has continued and is ongoing.

30. Plaintiff owns the copyrights to the Works and the Works have either been registered with the United States Copyright Office or have pending copyright registrations. The United States Copyright Office registration information for the Works, including the registration number, is outlined on Exhibit A.

31. For Plaintiff's Works that are still pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, et seq. The application number is listed on Exhibit A.

32. Plaintiff is entitled to seek statutory damages and attorneys' fees under 17 U.S.C. § 501 of the United States Copyright Act.

*Discovery Will Likely Demonstrate That Defendant, Geetesh Devineni, Infringed Plaintiff's Copyrights*

33. Verizon Online LLC identified Defendant's father as the subscriber to IP address 108.28.166.154. Defendant resides with his parents at the same address.

34. IPP observed and recorded the IP address used by Defendant infringing books, videogames, movies, music, software, and television shows in addition to Plaintiff's motion pictures.

35. After obtaining the subscriber's name and address from Verizon Online, Plaintiff conducted a preliminary investigation. This consists of a review of IPP's download activity report as well as an investigation into public records and social media.

36. The infringement from Defendant's IP address correlates with a male in his mid-twenties, including videogames, hardcore music, and adult animated shows.

37. Importantly, the infringement also contains very specific advanced ebooks based on chemistry and material sciences, subjects that Defendant studied while at school and which he boasts is his expertise on LinkedIn. These infringements occurred through the BitTorrent network in the same way as the infringement of Plaintiff's motion pictures, and at or near the same time.

38. No one else in Defendant's household has the same interests or experience as Defendant.

39. As a result, after a reasonable opportunity for further investigation, discovery will likely show that Defendant is the party infringing Plaintiff's copyrights through the BitTorrent network.

**COUNT I**

**Direct Copyright Infringement**

40. The allegations contained in paragraphs 1-37 are hereby re-alleged as if fully set forth herein.

41. Plaintiff is the owner of the Works, which is an original work of authorship.

42. Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol.

43. At no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise.

44. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

    (A)    Reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

    (B)    Distribute copies of the Works to the public by sale or other transfer of

      ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

  (C) Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

  (D) Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

45. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendant from continuing to infringe Plaintiff's copyrighted Works;

(B) Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under Defendant's possession, custody or control;

(C) Order that Defendant delete and permanently remove the infringing copies of the Works Defendant has on computers under Defendant's possession, custody or control;

  (D)  Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C.
§ 504(a) and (c);

  (E)  Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C.
§ 505; and

  (F)  Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 14, 2018

                 Respectfully submitted,

                 By:  /s/ *Jessica Haire*
                 Jessica Haire, Esq.
                 jhaire@foxrothschild.com
                 Fox Rothschild LLP
                 1030 15th Street, NW
                 Suite 380 East
                 Washington, DC 20005
                 Tel.: (202) 461-3100
                 Fax: (202) 461-3102
                 www.foxrothschild.com